NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO YANG, CAROL JACKSON, and PETER S. KELSCH, on behalf of themselves and all persons similarly situated, <br>         Plaintiffs, <br>         -v- <br><br> STEVEN A. ODOM, MARK GERGEL, HENSLEY E. WEST, MARTIN D. KIDDER and STEPHEN J. CLEARMAN, <br><br>         Defendants. | Civil Action No. 02-5968 (JAP) <br> (consolidated with No. 03-725 (JAP)) <br><br> **ORDER** |

For the reasons expressed in the accompanying opinion, **IT IS**

**ON** this 16th day of August, 2005

**ORDERED** that Plaintiffs' motion for class certification under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure is **GRANTED**; and **IT IS** further

**ORDERED** that two classes shall be and are certified for the purpose of this litigation, each consisting of all persons and entities, other than Defendants and their affiliates, and William B. Tanner and Monetary Fund Ltd., who either

> (1) acquired securities of World Access, Inc. ("WAXS") in the merger of Telco Systems, Inc. into WAXS, which closed on November 30, 1998 (the "Telco Class"); or

> (2) purchased securities of WAXS in the open market during the period April 29, 1997, through February 11, 1999 (the "Open Market Class");

**ORDERED** that Jason Thompson and Peter Kelsch shall serve as class representatives

for the Telco Class and Raymond Crump shall serve as class representative of the Open Market Class;

**ORDERED** that Wolf Popper, LLP shall serve as Class Counsel and Lite DePalma Greenberg & Rivas, LLC shall serve as Class Liaison Counsel;

**ORDERED** that Class Counsel shall submit a plan for dissemination of a Notice of Pendency of Class Action to be sent in a manner consistent with the language of Rule 23(c)(2)(B), which shall be approved by the Court.

s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.